It is maintained by the appellee that the case of *Hopkins v. United States*, 171 U. S. 578, is conclusive against the position that the business involved is an interstate commerce. We do not so consider it. All that that case decides is that selling on commission live stock received from one State at stock yards in another State is not that kind of interstate commerce which is affected by the Federal Antitrust Act. The case has nothing to do with an interchange of orders between brokers or commission men of different States of business coming primarily to each. Such an interchange frequently takes place in connection with other kinds of "stock," as well as with live stock. We do not think it makes the interchange brokers transacters of business in the State foreign to them; but if it does, it is in our opinion an interstate business they do.

The decree of the Circuit Court is reversed and the cause remanded to that court, with instructions to dismiss both the bill of the Great Western Live Stock Commission Company and the cross-bills of the Great Western Commission Company and of the Ward Commission Company for want of equity.

*Reversed with instructions.*

MR. JUSTICE McSURELY, dissenting.

---

**Otto F. Raschke, Appellee, v. William F. Klemp, Appellant.**

**Gen. No. 18,937.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed May 25, 1914.

**Statement of the Case.**

Action by Otto F. Raschke against William F.

Klemp to recover a balance claimed to be due for erecting certain steel poles to carry electricity transmission wires and also for extra work. The claim was for $1,648.85. The work was originally let to the defendant by the Sanitary District of Chicago and defendant sublet the work to plaintiff. Defendant set up as a recoupment a claim for the cost of altering, repairing and finishing defective work done in making the job comply with the contract. From a judgment in favor of plaintiff for $1,579.51, after requiring a remittitur of $69.34, defendant appeals.

CASWELL & HEALY, for appellant.

EDWARD R. LITZINGER, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 384*—*when recovery for work sustained by the evidence.* In an action for work done in erecting certain poles for electric transmission wires and for extra work under a contract by which defendant relet the work to plaintiff, a recovery for plaintiff *held* sustained by the evidence.

---

**Anne Harold Martin, Appellee, v. Adams Express Company, Appellant.**

**Gen. No. 18,975.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed May 25, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.